IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROGER D. HARRIS, JR.                                                                                    PLAINTIFF

v.                                            Civil No. 4:25-cv-04012-BAB

RAMI COX; and
ROYCE BENNETT                                                                                         DEFENDANTS

## ORDER

Roger D. Harris, Jr. submitted for filing in this district a *pro se* civil rights action under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff also submitted a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 2). The Court granted Plaintiff's IFP Motion on February 14, 2025. (ECF No. 3).

After a review of Plaintiff's Complaint, the Court determines Plaintiff has alleged two unrelated claims in his Complaint, and such claims should be severed.

In his Complaint, Plaintiff lists two Defendants, and a claim against each. (ECF No. 1). Specifically, Plaintiff claims Defendant Rami Cox denied him medical care and Defendant Bennett retaliated against him for filing a lawsuit. *Id.*

"Although plaintiff generally has the prerogative of joining multiple defendants or bringing separate actions, there are limitations on this right." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1657 (3d ed. 1998 & Supp. 2021). Rule 20(a)(2) of the Federal Rules of Civil Procedure provides:

Persons ... may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative

with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

In this case, there is no logical relationship between Plaintiff's two claims. Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. However, the Court may at any time drop parties or sever any claim against a party. *Id.* "[S]everance under Rule 21 creates two separate actions where previously there was but one." *Reinholdson v. Minnesota*, 346 F.3d 847, 850 (8th Cir. 2003) (internal quotations and citation omitted).

Accordingly, the Clerk is directed to:

(1) sever the Plaintiff's claim for retaliation against Defendant Bennett and file a new case for this severed claim;

(2) terminate Sergeant Royce Bennett as a Defendant in this case;

(3) file a copy of the Complaint in the severed case;

(4) file a copy of this Order in the severed case;

(5) send Plaintiff a blank *in forma pauperis* application in the severed case; and

(6) send Plaintiff a blank Section 1983 Complaint form for both this case and the severed case.

**Plaintiff is directed to file an Amended Complaint in the new case with only his claims asserted against Sergeant Royce Bennett related to his retaliation claim. Plaintiff is also directed to file an Amended Complaint in this case asserting only his claims against Rami Cox related to his denial of medical care regarding his tooth pain.**

**The Clerk is directed to mail** Plaintiff two court-approved 1983 complaint forms.

Plaintiff shall file his Amended Complaints **no later than March 18, 2025.**

In the Amended Complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed. R. Civ. P. 8.  Plaintiff must repeat this process for each person he has named as a Defendant.

Plaintiff is **CAUTIONED** that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered.  If he fails to do, the allegations against that Defendant will be dismissed for failure to state a claim.

The Plaintiff must clearly designate on the face of the document that it is an Amended Complaint.  The Amended Complaint must be retyped or rewritten in its entirety on the court-approved form.  Plaintiff **may not incorporate any part of the original Complaint.**  An Amended Complaint supersedes, or takes the place of, the original Complaint.  After amendment, the Court will treat the original and original Complaint as nonexistent.  Any cause of action that was raised in the original Complaint is waived if it is not raised in the Amended Complaint.

**Plaintiff is also DIRECTED to file a completed IFP Application in his new case.  This IFP Application is also due on March 18, 2025.**

**Both of Plaintiff's cases shall be subject to dismissal if Plaintiff fails to return his Amended Complaint and the IFP Application to the Court by the March 18, 2025 deadline.**

IT IS SO ORDERED this 25th day of February 2025.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE